1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT FELDMAN,

11            Plaintiff,                No. CIV S-07-1296 MCE DAD PS

12        vs.

13   CALIFORNIA DMV, et al.,            ORDER AND

14            Defendants.               FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is proceeding pro se with a complaint for damages and injunctive relief

17   under 42 U.S.C. § 1983 and unspecified state laws.  Defendants are the California Department of

18   Motor Vehicles ("DMV"), the State of California, and ten unnamed persons.  The proceeding has

19   been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302(c)

20   (21).

21            Plaintiff's complaint was accompanied by an unsigned and incomplete motion to

22   proceed in forma pauperis.  In response to this court's order filed July 23, 2007, plaintiff has

23   submitted a signed in forma pauperis application.  Question 3 on the application form requires

24   the applicant to provide information about the amount of money received from each specified

25   source within the past 12 months.  Plaintiff indicates that he received money from self-

26   employment but cannot continue his business because his stock burned down in a fire.  Plaintiff

                                          1

1   has not provided any information about the amount of money he received during the relevant

2   period.  Although plaintiff's showing of indigency is minimal, the undersigned will grant his

3   application to proceed in forma pauperis at this stage of the litigation.

4         The determination that a plaintiff is indigent does not complete the inquiry

5   required by 28 U.S.C. § 1915.  The court is required to dismiss an in forma pauperis case at any

6   time if the allegation of poverty is found to be untrue or if the action is frivolous or malicious,

7   fails to state a claim on which relief may be granted, or seeks monetary relief against an immune

8   defendant.

9         A claim is frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989);  Balistreri v. Pacifica Police Dep't, 901 F.2d 696,

11  699 (9th Cir. 1990).  To state a claim on which relief may be granted, the plaintiff must allege

12  "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v.

13  Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).  In considering whether a complaint

14  states a cognizable claim, the court accepts as true the material allegations in the complaint and

15  construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding,

16  467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976);

17  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less

18  stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

19  However, the court is not required to accept as true conclusory allegations, unreasonable

20  inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,

21  624 (9th Cir. 1981).

22        Plaintiff alleges the following facts:  in July 2004 he went to a DMV office in

23  South Lake Tahoe to renew his driver's license; the DMV accepted the renewal fees and issued a

24  temporary license valid for 60 days; plaintiff did not receive a permanent license within the 60-

25  day period; he received a letter stating that the birth date on Social Security records did not

26  match; for about 18 months thereafter, plaintiff received tickets and suffered arrests and car

1   impounds for driving without a valid driver's license; plaintiff sought help from legal aid

2   attorneys and contacted government representatives; he incurred costs of $ 5,700.00, for which

3   he filed a claim with the California State Victim Compensation agency; a driver's license was

4   issued to him in December 2005, but the license was suspended in August 2006 based on points

5   he received for tickets issued when he was driving without a valid license; some of the tickets

6   were on appeal and were later reversed.

7           Plaintiff asserts five claims:  (1) the DMV violated his 14th Amendment rights to

8   due process; (2) the DMV violated his 5th Amendment "rights of double jeopardy"; (3) the State

9   Victim Compensation agency violated "pendent state law of failing to compensate a victim of

10   their own misdeeds"; (4) the "undue arrest" caused by the misdeeds of the DMV violated

11   plaintiff's 14th Amendment rights; and (5) he suffered substantial property deprivation and

12   damages in violation of his 14th and 5th Amendment rights.

13           By way of relief, plaintiff seeks orders (1) requiring the DMV to issue plaintiff a

14   driver's license at no charge; (2) requiring the California State Victim Compensation agency to

15   issue him a check for $5,700.00 for the claim it rejected; (3) requiring the DMV to hold a hearing

16   where a licensee can contest issues prior to the revocation of any driver's license; (4) requiring

17   the DMV to pay plaintiff $57,000.00 for his arrest and imprisonment; and (5) requiring the DMV

18   to pay plaintiff punitive damages of $570,000.00 for its malicious and deliberate violations of

19   plaintiff's constitutional rights.

20           The caption of plaintiff's complaint identifies the defendants as the California

21   Department of Motor Vehicles, the State of California, and ten fictitious persons.  Plaintiff's

22   allegations suggest that the California Victim Compensation and Government Claims Board is

23   also a defendant.  The Eleventh Amendment to the United States Constitution serves as a

24   jurisdictional bar to federal suits for damages brought by private parties against a state or a state

25   agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332

26   (1979); Alabama v. Pugh, 438 U.S. 781 (1978); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50

3

(9th Cir. 1982).  The State of California and its agencies, including the Department of Motor Vehicles and the State Victim Compensation and Government Claims Board, have not waived Eleventh Amendment immunity.  As a result, plaintiff's claims for monetary damages from the State of California and its agencies are legally frivolous and must be dismissed.

Moreover, plaintiff's allegations against the California Victim Compensation and Government Claims Board fail to state a claim upon which relief may be granted.  The agency is mandated to provide compensation for victims and family members of victims of qualifying crimes involving physical injury or threat of physical injury or death.  See Cal. Gov't Code §§ 13950(a) (declaring it in the public interest to compensate California residents for pecuniary losses suffered as a direct result of criminal acts) & 13951(g) (defining "victim" as "an individual who sustains injury or death as a direct result of a crime as specified in subdivision (e) of Section 13955").  The facts alleged by plaintiff do not demonstrate that he was a victim of a qualifying crime and met the requirements for compensation.  All of plaintiff's claims against the Board should be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff seeks non-monetary relief in the form of orders requiring the DMV to issue him a driver's license without cost and prohibiting the DMV from revoking any driver's license without holding a hearing at which the licensee is present.  Plaintiff has brought these claims pursuant to 42 U.S.C. § 1983.  The statute provides that every person who, under color of state law, subjects a citizen to the deprivation of rights, privileges, and immunities shall be liable to the party injured.  It is well established that the States and their departments, agencies and other political subdivisions are not "persons" for purposes of § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-66, 70-71 (1989); Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991).  Plaintiff's § 1983 claims for prospective injunctive relief against the State of California and the California DMV must therefore be dismissed.

The undersigned finds that all of plaintiff's federal claims should be dismissed as frivolous, as failing to state a claim upon which relief may be granted, or as having been brought

against defendants who are entitled to immunity and are not persons for purposes of § 1983. Given these defects, it appears clear that granting leave to amend would be futile.  See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).  The undersigned will therefore recommend that plaintiff's complaint be dismissed without leave to amend.  Plaintiff's supplemental state claims should be dismissed pursuant to 28 U.S.C. § 1367(c)(3) which authorizes the district court to decline to exercise supplemental jurisdiction over such claims if the court has dismissed all claims over which it has original jurisdiction.

IT IS ORDERED that plaintiff's August 1, 2007 motion to proceed in forma pauperis is granted;

IT IS RECOMMENDED that:

1.  Plaintiff's complaint be dismissed without leave to amend; and

2.  The court decline to exercise jurisdiction over plaintiff's supplemental state claims.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten court days after being served with these findings and recommendations, plaintiff may file any written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 5, 2007.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
DDad1\orders.pro se\feldman1296.ifpgr.f&rdism

5